IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE: PREMERA BLUE CROSS CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:15-md-2633-SI<br><br>**PRETRIAL ORDER NO. 1** |
| This Document Relates to All Actions. | |

**Michael H. Simon, District Judge.**

  1.  **INITIAL CASE MANAGEMENT CONFERENCE**

  The Court will hold an **initial case management conference** in this matter on **Friday, August 7, 2015, at 10:00 a.m. in Courtroom 13B of the Mark O. Hatfield United States Courthouse**, 1000 S.W. Third Avenue, Portland, Oregon. Unless counsel has received prior authorization of the Court, all counsel are expected to appear in person. Attendance at the initial case management conference will not waive objections to jurisdiction, venue, or service.

  2.  **CONSOLIDATION**

  This Pretrial Order governs the practice and procedure in those actions that the Judicial Panel on Multidistrict Litigation ("JPML") transferred to this Court in its Order dated June 16, 2015, as well as all related actions originally filed, transferred, or removed to this Court. Absent

PAGE 1 – PRETRIAL ORDER NO. 1

further order, this Order also applies to any "tag-along actions" later filed in, removed to, or transferred to this Court. The Court refers to all such actions collectively as the "Cases."

### 3. PROFESSIONALISM, COURTESY, AND CIVILITY

The Court expects that professionalism, courtesy, and civility will endure throughout these proceedings. The following principles shall guide the Court and all counsel:

> The added demands and burdens of complex litigation place a premium on attorney professionalism, and the judge should encourage counsel to act responsibly. The certification requirements of Federal Rules of Civil Procedure 11 and 26(g) reflect some of the attorneys' obligations as officers of the court. * * *
>
> Counsel need to fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and with the court. They need to communicate constructively and civilly with one another and attempt to resolve disputes informally as often as possible. Even where the stakes are high, counsel should avoid unnecessary contentiousness and limit the controversy to material issues genuinely in dispute.

*Manual for Complex Litigation, Fourth*, §10.21 (2004).

### 4. PREPARATION FOR INITIAL CASE MANAGEMENT CONFERENCE

The initial case management conference will be held for the purposes specified in Rules 16(a)-(c) and 26(f) of the Federal Rules of Civil Procedure. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation. *See* Fed. R. Civ. P. 1.

At least one week before the initial case management conference, any party may file in the Master Docket File, *see* section 6, *infra*, a brief outlining that party's view concerning: (1) the primary facts, allegations, claims, and defenses involved in this litigation, together with any other pertinent legal and factual background; (2) an overview of the procedural status of all

known actual and potential related MDL cases, including (a) the status of discovery to date, and (b) the status of motions, decisions, and other important events in the litigation, if any; (3) the status of any related state-court litigation; and (4) an informed prediction of the number of cases that eventually may become a part of this MDL and the number of related cases, if any, that may remain in state courts. These briefs will not be binding, will not waive any claims or defenses, and may not be offered in evidence against a party in later proceedings. These briefs should not exceed seven pages, double-spaced.

At the initial case management conference, the Court will hear suggestions on the content and timing for the initial Case Management Order. The Court invites submission of proposed draft case management orders, which should be submitted one week before the initial case management conference. In addition to the usual event deadlines and other issues contained in a pretrial scheduling order, *see* Fed. R. Civ. P. 16, any proposed draft case management order should address the following: (1) electronic discovery; (2) whether establishment of a document repository will be necessary or helpful; (3) whether there is or likely soon will be agreement on a document production format that is search-capable; (4) any stipulations regarding service of process; (5) coordination with state court litigation, if any; (6) whether a consolidated or master complaint will or should be filed; (7) any specific issues related to class action litigation, including any likely or potential sub-classes; and (8) trial dates or dates for this Court to recommend to the JPML that any unresolved cases be remanded to the transferor courts.

In addition, the Court anticipates entering a protective order preserving the confidentiality of documents, to the extent appropriate, after the initial case management conference. The Court invites the parties to review the two model protective orders generally used in the District of Oregon, which are available on the District of Oregon's website at

PAGE 3 – PRETRIAL ORDER NO. 1

https://ord.uscourts.gov/index.php/component/phocadownload/category/54-forms-of-protective-order. The parties are also encouraged to review Local Rule 26-1(2) regarding discovery of electronically stored information.

### 5.     ADMISSION OF COUNSEL AND APPEARANCES

Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation and the requirements of Local Rule of Civil Procedure 83.3 are waived. Association of local counsel is not required. Counsel who appeared in a transferor court prior to transfer by the JPML need not enter an additional appearance before this Court. Counsel not otherwise admitted to practice in the District of Oregon but who represent a party in a filed or transferred action included among the Cases in this MDL litigation should complete the Application for Special Temporary MDL Admission and CM/ECF Registration, which is available on the District of Oregon's website at https://ord.uscourts.gov/index.php/attorneys/admissions/admissions-forms?download=45:application-for-special-temporary-mdl-admission. After completing and submitting the Application for Special Temporary MDL Admission and CM/ECF Registration, counsel will receive by email a CM/ECF log-in.

### 6.     MASTER DOCKET FILE

Any pleading or paper shall be filed electronically according to this district's CM/ECF User Manual, available at https://www.ord.uscourts.gov/index.php/filing/user-manual. The Clerk of Court will maintain a master docket case under the style "*In Re: Premera Blue Cross Customer Data Security Breach Litigation*," and all papers filed in these Cases shall bear the identification "Case No. 3:15-md-2633-SI." When a pleading is intended to be applicable to all actions, this shall be indicated in the caption by the words: "This Document Relates to All

PAGE 4 – PRETRIAL ORDER NO. 1

Actions" and shall be filed electronically in Case No. 3:15-md-2633-SI. When a pleading is intended to apply to less than all Cases, this Court's civil action number for the relevant individual case or cases to which the document relates shall appear immediately after the words: "This Document Relates to . . ." and shall be filed electronically in each member case to which the document applies.

### 7. SERVICE

Before the initial case management conference, service of all papers relating to the initial conference shall be made by filing such papers in the Master Docket File. It is the responsibility of counsel periodically to review the Master Docket File, preferably daily, for recent filings.

### 8. NO FILING WITH TRANSFEROR COURT

Any pleading or paper filed in any of the Cases shall be filed electronically with the Clerk of this Court and not with any transferor district court.

### 9. EXTENSION AND STAY

Each defendant is granted an indefinite extension of time for responding by motion or answer to any complaint in any of the Cases until this Court, by subsequent order, sets a date by which such defendant shall respond by motion, answer, or otherwise.

Pending the initial case management conference and any further order of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. This Order, however, does not: (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Rules 33, 34, or 36 of the Federal Rules of Civil Procedure; or (4) authorize a party to suspend its efforts in gathering

information needed to respond to a request under Rules 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

### 10. PREVIOUS ORDERS

Any orders, including protective orders, previously entered by any transferor court, shall remain in full effect unless modified by this Court.

### 11. PRESERVATION OF EVIDENCE

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. Each party shall take reasonable steps to preserve all documents, data, and tangible things potentially relevant to the subject matter of this action.

### 12. MOTIONS

No motion shall be filed under Rules 11, 12, or 56 of the Federal Rules of Civil Procedure without prior leave of the Court.

### 13. PRIVILEGES

The Court recognizes that cooperation among counsel and parties is essential for the orderly and expeditious resolution of this litigation. The communication, transmission, or dissemination of information in connection with this litigation among counsel for Plaintiffs or among counsel for Defendants shall not be deemed a waiver of the attorney-client privilege, the protection afforded by the work product doctrine, the joint prosecution or joint defense privilege, or any other privilege to which a party may be entitled. Cooperative efforts, as described above, shall not in any way be used against any of the parties, be cited as purported evidence of a conspiracy, wrongful action, or wrongful conduct, and shall not be communicated to the jury at the trial of any action. Nothing in this paragraph shall in any way affect the applicability of any privileges or protection against disclosure otherwise available under the law.

**14.    APPLICATION FOR LEAD AND LIAISON COUNSEL APPOINTMENTS**

The Court intends promptly to appoint Plaintiffs' lead counsel and/or a Plaintiffs' steering committee, as well as Plaintiffs' liaison counsel. Applications or recommendations for these positions must be filed with the Court in the Master Docket File **not later than July 28, 2015**. Applications or recommendations should include each applicant's or nominee's resume or curriculum vitae, educational background, licensing status, a short list of relevant experience with cases in similar areas, and a copy of a certificate of good standing from the highest court from the individuals' jurisdiction. The Court will only consider attorneys who have filed a civil action in this litigation. The main criteria for these appointments are: (1) willingness and ability to commit to a time-consuming process; (2) ability to work professionally, civilly, and cooperatively with others; (3) professional experience in complex litigation; and (4) access to sufficient resources to advance the litigation in a timely manner.

In addition, each individual attorney or law firm seeking appointment to serve as Plaintiffs' lead counsel, Plaintiffs' liaison counsel, or on Plaintiffs' steering committee, if any, shall submit by email addressed to **premeraMDL@ord.uscourts.gov** for the Court's *in camera* confidential review a summary of the individual or law firm's hourly billing rates for all individuals likely to participate in the action, such as senior partners, junior partners, senior and junior associates, and paralegals. The appointment of lead and liaison counsel, as well as the appointment to any steering committee, shall be for a term of one year, subject to reappointment by the Court. Further, Plaintiffs' lead counsel and Plaintiffs' liaison counsel in the Cases shall provide the Court by email addressed to **premeraMDL@ord.uscourts.gov** with confidential *ex parte* and *in camera* submissions of time billed to any of the Cases by Plaintiffs' lead counsel and Plaintiffs' liaison counsel on a monthly basis during the pendency of this litigation.

**15.    COMMUNICATIONS AND CONTINUING STATUS CONFERENCES**

The Court anticipates holding future status conferences on approximately a monthly basis, either in person or by telephone conference call, with some or all counsel. To facilitate communications, the parties shall provide the Court on or before the initial case management conference with a list of all counsel of record, together with their contact information (addresses, work and mobile telephone numbers, and email addresses). These submissions should be in electronic format, preferably in Word document, on disk, USB drive, or sent by email addressed to **premeraMDL@ord.uscourts.gov**. Unless otherwise ordered by the Court, all substantive communications with the Court shall be in writing, including email, with copies to liaison counsel, when appointed, and before that time to all counsel of record. Liaison counsel shall be responsible for disseminating information to other counsel as appropriate. Communications with the Court and submissions that are not to be filed with CM/ECF on the Master Docket File may be sent to **premeraMDL@ord.uscourts.gov**.

The parties need not provide the Court with hard copies of all documents filed, but should provide hard copies of memoranda of law, supporting declarations or affidavits, and exhibits, which shall be copied double-sided and three-hole punched. If voluminous, they also should be placed in three-ring binders with identifying side tabs. Please do not include notices of electronic filing, word-count compliance certificates, or certificates of service with the hard copy documents provided to the Court. For all electronic filings, counsel should ensure that documents are electronically searchable.

/ / /

/ / /

/ / /

PAGE 8 – PRETRIAL ORDER NO. 1

16.     **COPY OF THIS ORDER TO BE SENT TO JPML AND ALL COUNSEL**

The Court directs the Clerk of the Court to send a copy of this Order to the Clerk of the Judicial Panel on Multidistrict Litigation and to all counsel of record.

**IT IS SO ORDERED.**

DATED this 2nd day of July, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge