IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE: PREMERA BLUE CROSS CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 3:15-md-2633-SI |
| | **JUDGMENT** |
| This Document Relates to All Actions. | |

Based on the Order Granting Final Approval of Class Action Settlement and Order Granting Motion for Attorney's Fees, Costs, and Service Awards entered on March 2, 2020 ("Final Orders"), and there being no just reason to delay entry of judgment in these actions;

IT IS HEREBY ORDERED AND ADJUDGED that:

1. All capitalized terms shall have the same meaning as set forth in the Settlement Agreement ("Settlement").

2. The Court has subject matter jurisdiction over this action and all matters that relate to the Settlement.

3. This Judgment is binding on the members of the Class, including members of the following class certified in the Litigation, but not including any persons who timely opted out

Page 1 – JUDGMENT

(listed on Attachment 1 to the Second Supplemental Declaration of Cameron R. Azari, Esq. on Implementation and Adequacy of Settlement Notice Plan (ECF 301)):

> All persons in the United States whose Personal Information was stored on Premera's computer network systems that was compromised in the Security Incident as publicly disclosed on March 17, 2015. Excluded from the Settlement Class are: (1) the Judge presiding over the Action, and members of his family; (2) Premera, its subsidiaries, parent companies, successors, predecessors, and any entity in which Premera or its parents have a controlling interest and their current or former officers and directors; (3) Persons who properly execute and submit a request for exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded Persons.

4.  Defendant Premera shall perform the obligations to provide equitable injunctive relief to the Class in the form of the business practice commitments described in Paragraph 4.8 and Exhibit A to the Settlement, which obligations shall terminate as set out in the Settlement.

5.  All complaints filed by Plaintiffs in this Litigation are hereby dismissed with prejudice, without fees, costs, or disbursements to any Party except as provided in the Settlement and Final Orders.

6.  As provided in the Settlement and Final Orders, the Settlement is in full settlement, compromise, release, and discharge of the Released Claims and each of them, and the Releasees have no further or other liability or obligation to any Class Member with respect to the Released Claims, except as expressly provided for in the Settlement. As provided in the Settlement and Final Orders, Class Members are enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in

the Settlement as provided herein) in which any Released Claim(s) is/are asserted.  The releases and covenant not to sue set forth in the Settlement and reflected in this Judgment have the scopes provided for in the Settlement.

7. Without affecting the finality of this Judgment, the Court hereby reserves continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of the Settlement.

8. Notwithstanding the reservation of jurisdiction in Paragraph 7 of this Judgment, this is a final and appealable judgment that ends the Litigation of all claims alleged in this action. The Clerk is directed to enter this Judgment in the civil docket forthwith.

The Court directs the Clerk of the Court to send a copy of this Judgment to the Clerk of the Judicial Panel on Multidistrict Litigation.

DATED this 2nd day of March, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
